%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

VIOLA WILLIAMSON, an individual; and JAMES WILLIAMSON, an individual,

## DEFENDANTS

CECILIA ARZATE-DEMALDONADO and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff  **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Clark**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

J.D. Sullivan, Esq., SULLIVAN LAW, 1625 Highway 88, Suite 401, Minden, Nevada 89423, (775) 782-6915

Attorneys (If Known)

James E. Harper, Esq., HALL JAFFE & CLAYTON, 7455 W. Washington Ave, S# 460, Las Vegas, NV 89128, (702)316-4111

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
State Farm's handling of underinsured motorist claim.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE
03/03/2011

SIGNATURE OF ATTORNEY OF RECORD
_James E. Harper_

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

1 | RILEY A. CLAYTON
Nevada Bar No. 005260
2 | rclayton@lawhjc.com
JAMES E. HARPER
3 | Nevada Bar No. 009822
jharper@lawhjc.om
4

**HALL JAFFE & CLAYTON, LLP**
5 | 7455 W. WASHINGTON AVENUE
SUITE 460
6 | LAS VEGAS, NEVADA 89128
(702) 316-4111
7 | FAX (702)316-4114

8 | Attorneys for Defendant,
State Farm Mutual Automobile Insurance
9 | Company

10

## UNITED STATES DISTRICT COURT

11
## DISTRICT OF NEVADA
12

13 | VIOLA WILLIAMSON, an individual; and
JAMES WILLIAMSON, an individual,
14
CASE NO.:
15 | Plaintiffs,

16 | vs. | **PETITION FOR REMOVAL**

17 | CECILIA ARZATE-DEMALDONADO; an
individual; STATE FARM MUTUAL
18 | AUTOMOBILE INSURANCE COMPANY,
a private mutual insurance company; and
19 | DOES 1 through 50, inclusive,

20 | Defendants.

21

22 | TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

23 | DISTRICT OF NEVADA

24 |     Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its

25 | attorneys, Hall Jaffe & Clayton, LLP, hereby removes this action to the United States District Court for

26 | the District of Nevada.

27 |     1.     This Court has original jurisdiction over the subject matter of this action under the

28 | provisions of 28 U.S.C. § 1332 in that there is complete diversity between the parties and more than

1  $75,000 in controversy, exclusive of interest and costs.

2      2.      State Farm is a defendant in the above-entitled action now pending in the Ninth Judicial
3  District Court, Douglas County, Nevada, CV 10CV0375, Dept. 2. State Farm is an Illinois corporation
4  with its principal place of business in that state, and is authorized to transact insurance under the laws of
5  the State of Nevada. According to the complaint, Plaintiffs, Viola Williamson and James Williamson
6  (hereinafter "Plaintiffs"), are citizens and residents of Middlesex County, Nevada. According to the
7  complaint, Defendant, Cecilia Arzate-Demaldonado, is a citizen and resident of Clark County, Nevada.
8  As such, complete diversity exists between the Plaintiffs, New Jersey citizens, Defendant, State Farm, an
9  Illinois corporation, and Defendant Arzate-Demaldonado, a Nevada citizen.

10     3.      The information contained in the claims file, in addition to the allegations in the
11  complaint, establish that Plaintiffs seek damages in excess of the jurisdictional minimum. In summary,
12  this case stems from a hit-and-run automobile accident involving Plaintiffs and a vehicle owned by
13  Defendant Arzate-Demaldonado. As a result of the accident, Plaintiffs' claim they injured their shoulder
14  and knee, and also suffered severe cervical and lumbar injuries that require spinal surgery. Relevant to
15  the amount in controversy, Defendant Arzate-Demaldonado purportedly claims that her vehicle was
16  stolen prior to the accident, even though she never filed a stolen vehicle report. Based on the alleged
17  automobile theft, however, Defendant Arzate-Demaldonado's automobile insurance carrier, Farmers,
18  denied Plaintiffs' claims against Defendant Arzate-Demaldonado's liability insurance coverage.
19  Thereafter, Plaintiff James Williamson made a demand for $87,500 under his State Farm underinsured
20  motorist policy with $100,000/$300,000 limits based on the purported severity of his injuries, cost of
21  medical treatment, and Defendant Arzate-Demaldonado's apparent underinsured status. Nevertheless,
22  absent objective proof that Defendant Arzate-Demaldonado's vehicle was stolen, and based on State
23  Farm's position that Defendant Arzate-Demaldonado was liable for Plaintiffs' loss despite Farmers'
24  denial of Plaintiff's bodily injury claim against Defendant Arzate-Demaldonado's liability insurance
25  coverage, State Farm determined that the Plaintiff's UIM demand was not valid. Thus, under Plaintiff
26  James Williamson's State Farm UIM contract alone, there is at least $87,500 in UIM coverage in
27  dispute. Furthermore, the complaint separately alleges three causes of action, causing damages "in

28                                              2

1  excess of $10,000;" and includes requests for punitive damages, medical expenses, lost earnings, and

2  lost earning capacity. Thus, the complaint and underlying factual dispute clearly establish an amount in

3  controversy that exceeds $75,000, thereby establishing that removal to federal court is proper.

4      4.      The Notice of Removal is timely.  Service of the complaint upon State Farm was effected

5  by service upon the Commissioner of Insurance of the State of Nevada on January 31, 2011.

6      5.      A copy of Plaintiff's complaint, Affirmation, summons, and proof of service is attached

7  hereto as Exhibit "A". This constitutes all of the papers and pleadings served on State Farm.

8      6.      State Farm has concurrently filed a copy of this Notice of Removal with the Douglas

9  County District Court Clerk, and has served a copy of this upon Plaintiff.

10      Based on the foregoing, State Farm hereby removes the above action now pending in the Ninth

11  Judicial District Court, Douglas County, Nevada, 10CV0375, Dept. 2, to this Court.

12      DATED  this  3rd  day of March, 2011.

13

14                                          HALL JAFFE & CLAYTON, LLP

15

16                                  By _____
                                       RILEY A. CLAYTON
17                                     Nevada Bar No. 005260
                                       JAMES E. HARPER
18                                     Nevada Bar No. 009822
                                       7455 W. Washington Ave, Suite 460
19                                     Las Vegas, Nevada 89128
                                       Attorneys for Defendant,
20                                     State Farm Mutual Automobile Insurance
                                       Company
21

22

23

24

25

26

27

28                                          3

1

## CERTIFICATE OF SERVICE

2      Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty of

3   perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the $2^{rd}$ day of March,

4   2011, the foregoing **PETITION FOR REMOVAL** was served upon the parties via the Court's e-filing

5   and service program and by placing an original or true copy thereof in a sealed envelope, and depositing

6   it in the U.S. Mail, postage prepaid, at Las Vegas, Nevada, addressed as follows:

7

8                               J.D. Sullivan, Esq.
                                 SULLIVAN LAW
9                          1625 Highway 88, Suite 401
                               Minden, NV 89423
10                            Fax: (775) 782-3439
                              *Attorney for Plaintiffs*
11
                                Brent Harsh, Esq.
12                          RIDDLE & ASSOCIATES
                       200 S. Virginia Street, 8th Floor
13                              Reno, NV 89501
                             Fax: (775) 686-2401
14                          *Attorney for Defendant*
                         *Cecilia Arzate-demaldonado*
15

16

17   An Employee of HALL JAFFE & CLAYTON, LLP

18

19

20

21

22

23

24

25

26

27

28                                        4

# EXHIBIT "A"

30-V99&-845

1   CASE NO. 10 CV0375          FILED

2   DEPT. NO. II                                              RECEIVED

3                              2010 DEC -8  AM 10: 42

4                                TED THRAN                           DOUGLAS
                                 P. CLERK BY                         DISTRICT

5        IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

6                   IN AND FOR THE COUNTY OF DOUGLAS

7

8

9   VIOLA WILLIAMSON, an              CIVIL COMPLAINT FOR
    individual; and JAMES             VEHICULAR NEGLIGENCE,
10  WILLIAMSON, an individual,        INTENTIONAL INFLICTION OF
                                      EMOTIONAL DISTRESS, AND BREACH
11                 Plaintiffs,        OF UNDERINSURED MOTORIST
                                      INSURANCE CONTRACT
12        vs.

13  CECILIA ARZATE-DEMALDONADO; an
    individual; STATE FARM MUTUAL                    RECEIVED
14  AUTOMOBILE INSURANCE COMPANY,
    a private mutual insurance                       JAN 3 1 2011
15  company; and DOES 1 through
    50, inclusive,                          DIVISION OF INSURANCE
16                                          STATE OF NEVADA
                   Defendants.
17

18

19       COME NOW PLAINTIFFS, VIOLA WILLIAMSON and JAMES WILLIAMSON,

20  (collectively "Plaintiffs") by and through their undersigned

21  counsel, and file this Complaint against the above-named

22  Defendants, averring and alleging as follows:

23                            PREFACE

24       1.  This case involves the negligent acts and omissions of

25  Defendants, including the violations by Defendant CECILIA ARZATE-

26  DEMALDONADO of NRS 484E.020 and Clark County Code 14.24.010(c),

27  which resulted in serious physical and mental injuries to

28  Plaintiffs; the intentional infliction of emotional distress by

36-V998-845

1   Defendants who committed an outrageous hit and run, and the breach
2   of an underinsured motorist insurance contract by Defendant STATE
3   FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

### PARTIES

5       2.   Plaintiff VIOLA WILLIAMSON is, and at all times herein
6   mentioned was, a resident of Edison, New Jersey.  Plaintiff JAMES
7   WILLIAMSON is, and at all times herein mentioned was, a resident of
8   Edison, New Jersey.

9       3.   Defendant CECILIA ARZATE-DEMALDONADO is, and at all times
10  herein mentioned was, a resident of Las Vegas, Nevada.

11      4.   Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
12  is a private mutual insurance company with its principal place of
13  business in Bloomington, Illinois.

14      5.   The true names and/or capacities of Defendant DOES 1
15  through 50, are unknown to Plaintiffs, who therefore cannot
16  identify them at this time.  When the true identities and/or
17  capacities of DOES 1 through 50 are ascertained, Plaintiffs will
18  seek leave of court to amend this Complaint to reflect same.

19      6.   Plaintiffs are informed and believe, and based thereon
20  allege, that each of the Defendants is, and at all times herein
21  mentioned was, the agent, servant, and employee of each of the
22  remaining Defendants, and each of the acts or failures to act of
23  each of the Defendants, as herein alleged, was within the course
24  and scope of each such Defendant's authority as such agent,
25  servant, and employee, with the permission, consent, knowledge,
26  prior authorization, and subsequent ratification of each of the
27  remaining Defendants.

28  ///

-2-

36-V998-845

## FIRST CAUSE OF ACTION

### (Negligence against all Defendants)

7.  Plaintiffs reallege Paragraphs 1 through 6 and incorporate same herein by reference, as though expressly set forth herein.

8.  On December 30, 2010, at approximately 10:44 p.m., Plaintiffs were stopped at a red traffic light, in a rented 2009 Chevrolet Malibu, northbound on North Teyana Way, in the right turn lane, at the intersection with West Cheyenne Avenue, when Defendant CECILIA ARZATE-DEMALDONADO, or an unknown Doe Defendant, negligently drove a 2004 Chevrolet automobile, license plate number 598VRW, northbound on North Teyana Way, in the right turn lane, at an excessive rate of speed in a 35 mile per hour zone, and crashed into the rear of Plaintiff's rented vehicle.

9.  Defendant CECILIA ARZATE-DEMALDONADO, or an unknown Doe Defendant, left the scene of the above described accident without giving the information and aid required by NRS 484E.020 and 484E.030.

10.  Defendant CECILIA ARZATE-DEMALDONADO was cited for violating NRS 484E.020 and Clark County Code 14.24.010(c), because after failing to reduce speed to avoid a collision, the at-fault driver fled the scene of the accident without providing information or rendering aid.  Therefore, Defendant CECILIA ARZATE-DEMALDONADO, or an unknown Doe Defendant, was negligent per se in causing the collision.

11.  The Las Vegas Metropolitan Police Department Hit and Run Detail sent a letter to Defendant CECILIA ARZATE-DEMALDONADO on January 5, 2009, regarding the above described hit and run accident.  On January 8, 2009, Defendant CECILIA ARZATE-DEMALDONADO

-3-

1   called the Las Vegas Metropolitan Police Department to report that

2   the subject 2004 Chevrolet vehicle had been stolen. The vehicle

3   had not been reported stolen prior to January 8, 2009.

4       12.  On January 16, 2010, Detective Rooney of the Las Vegas

5   Metropolitan Police Department met with Defendant CECILIA ARZATE-

6   DEMALDONADO who provided her insurance information for the subject

7   vehicle. At that meeting Defendant CECILIA ARZATE-DEMALDONADO

8   continued to claim that the subject vehicle had been stolen. The

9   Las Vegas Metropolitan Police Department then ceased its efforts to

10  attempt to locate the subject vehicle.

11      13.  By reason of the subject accident and negligence, as

12  aforesaid, and as a direct and proximate result thereof, Plaintiff

13  VIOLA WILLIAMSON received injuries consisting of, but not limited

14  to, a cervical disc herniation at C4-C5, pressing on the anterior

15  thecal sac; a bulged cervical disc at C6-C7, pressing on the

16  anterior thecal sac; right shoulder tendinopathy/tendinitis of the

17  supraspinatus tendon; lumbar spine disc bulges at L3-L4 and L4-L5,

18  impinging on the anterior thecal sac; a lumbar spine left sided

19  central disc herniation at L5-S1, pressing on the anterior thecal

20  sac and narrowing the left lateral recess; a right knee grade 2

21  intrameniscal tear within the posterior horn of the medial

22  meniscus; and right knee joint effusion.

23      14.  By reason of the subject accident and negligence, as

24  aforesaid, and as a direct and proximate result thereof, Plaintiff

25  JAMES WILLIAMSON received injuries consisting of, but not limited

26  to, cervical disc bulges at C3-C4, C4-C5 and C5-C6, pressing on the

27  anterior thecal sacs and narrowing the neural foramina; a lumbar

28  spine broad-based disc herniation at L4-L5, pressing on the

-4-

30-998- 845

1  anterior thecal sac, narrowing the lateral recesses, and causing

2  spinal stenosis; and a lumbar spine disc bulge at L5-S1, effacing

3  the anterior epidural fat and narrowing the right lateral recess.

4       15.  As a further direct and proximate result of the

5  negligence of Defendants, and each of them, as herein alleged,

6  Plaintiffs were required to and did employ physicians and others

7  for medical examination, treatment and care of injuries, and did

8  incur medical and incidental expenses which shall be shown,

9  according to proof at the time of trial.

10      16.  As a further, direct and proximate result of the

11 negligence of Defendants, and each of them, as herein alleged,

12 Plaintiffs were prevented from attending to their employment

13 duties, due to their injuries and resulting medical treatment.

14      17.  On information and belief, Defendants at or before the

15 time of the accident, so negligently owned, controlled, managed,

16 operated, entrusted, permitted use of, and drove their motor

17 vehicle so as to actually and proximately cause the injuries and

18 damages alleged herein.

19      18.  As a further, direct and proximate result of the

20 negligence of Defendants, and each of them, as herein alleged, the

21 injuries thus received by Plaintiffs greatly impaired their health,

22 strength, and activity, and caused them great mental and physical

23 pain and suffering, thus damaging Plaintiffs in an amount which

24 shall be shown, according to proof at the time of trial.

25 ///

26 ///

27 ///

28 ///

- 5 -

1              SECOND CAUSE OF ACTION

2         (Intentional Infliction of Emotional Distress

3                against all Defendants)

4    19.  Plaintiffs reallege and incorporate herein by reference

5  each and every allegation set forth in paragraphs 1-18 above as

6  though expressly set forth herein.

7    20.  Leaving the scene of the subject accident, without

8  rendering aid to the injured parties, without providing contact

9  information, and without waiting for the police to arrive so that

10  citations could be issued, constitutes intentional infliction of

11  emotional distress due to outrageous conduct.

12    21.  As a direct and proximate result of Defendants'

13  outrageous conduct of "hit and run," Plaintiffs suffered severe

14  emotional distress.

15    22.  As a further direct and proximate result of the conduct

16  of Defendants, and each of them, as herein alleged, Plaintiffs were

17  required to and did employ physicians and others for medical

18  examination, treatment and care of injuries, and did incur medical

19  and incidental expenses which shall be shown, according to proof at

20  the time of trial.

21    23.  As a further, direct and proximate result of the conduct

22  of Defendants, and each of them, as herein alleged, Plaintiffs were

23  prevented from attending to their employment duties, due to their

24  injuries and resulting medical treatment.

25    24.  As a further, direct and proximate result of the conduct

26  of Defendants, and each of them, as herein alleged, the injuries

27  thus received by Plaintiffs greatly impaired their health,

28  strength, and activity, and caused them great mental and physical

                            -6-

36-0998-845

1  pain and suffering, thus damaging Plaintiffs in an amount which

2  shall be shown, according to proof at the time of trial.

3      25.  The foregoing conduct by Defendants was wilful and

4  oppressive, and in conscious disregard for the safety of Plaintiffs

5  and the general public.  Plaintiffs were injured as a direct and

6  proximate result of Defendants' misconduct and are therefore

7  entitled to punitive damages.

8                    THIRD CAUSE OF ACTION

9              (Breach of Contract Against STATE FARM

10            MUTUAL AUTOMOBILE INSURANCE COMPANY )

11     26.  Plaintiffs reallege and incorporate herein by reference

12  each and every allegation set forth in paragraphs 1-25 above as

13  though expressly set forth herein.

14     27.  Plaintiffs entered into an Underinsured Motorist

15  Insurance Contract with Defendant STATE FARM MUTUAL AUTOMOBILE

16  INSURANCE COMPANY, which obligates Defendant STATE FARM MUTUAL

17  AUTOMOBILE INSURANCE COMPANY to pay for Plaintiffs' damages that

18  are in excess of the amount of insurance carried by the at-fault

19  owner/driver of the subject 2004 Chevrolet vehicle.

20     28.  If Defendant CECILIA ARZATE-DEMALDONADO, owner of the

21  subject vehicle, was driving at the time of the accident, or gave

22  the at fault driver permission to drive, then Defendant STATE FARM

23  MUTUAL AUTOMOBILE INSURANCE COMPANY is obligated to pay Plaintiffs'

24  damages that are in excess of the amount of CECILIA ARZATE-

25  DEMALDONADO's liability insurance coverage.

26     29.  If the subject vehicle was stolen and being driven

27  without permission at the time of the accident, then Defendant

28  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is liable for all of

                        -7-

36-1998-545

1  Plaintiffs' damages, up to the amount of Defendant STATE FARM

2  MUTUAL AUTOMOBILE INSURANCE COMPANY's liability limits.

3      30.  Whether the subject vehicle was in fact stolen or not,

4  Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is in

5  breach of contract for failing to admit liability and pay the

6  damages it owes.

7      31.  By reason of the subject accident and negligence, as

8  aforesaid, and as a direct and proximate result thereof, Plaintiff

9  VIOLA WILLIAMSON received injuries consisting of, but not limited

10  to, a cervical disc herniation at C4-C5, pressing on the anterior

11  thecal sac; a bulged cervical disc at C6-C7, pressing on the

12  anterior thecal sac; right shoulder tendinopathy/tendinitis of the

13  supraspinatus tendon; lumbar spine disc bulges at L3-L4 and L4-L5,

14  impinging on the anterior thecal sac; a lumbar spine left sided

15  central disc herniation at L5-S1, pressing on the anterior thecal

16  sac and narrowing the left lateral recess; a right knee grade 2

17  intrameniscal tear within the posterior horn of the medial

18  meniscus; and right knee joint effusion.

19      32.  By reason of the subject accident and negligence, as

20  aforesaid, and as a direct and proximate result thereof, Plaintiff

21  JAMES WILLIAMSON received injuries consisting of, but not limited

22  to, cervical disc bulges at C3-C4, C4-C5 and C5-C6, pressing on the

23  anterior thecal sacs and narrowing the neural foramina; a lumbar

24  spine broad-based disc herniation at L4-L5, pressing on the

25  anterior thecal sac, narrowing the lateral recesses, and causing

26  spinal stenosis; and a lumbar spine disc bulge at L5-S1, effacing

27  the anterior epidural fat and narrowing the right lateral recess.

28  ///

- 8 -

1    33.  As a further direct and proximate result of Defendants'

2  outrageous conduct of "hit and run," Plaintiffs VIOLA WILLIAMSON

3  and JAMES WILLIAMSON suffered severe emotional distress.

4    34.  As a further direct and proximate result of the

5  negligence of Defendants, and each of them, as herein alleged,

6  Plaintiffs were required to and did employ physicians and others

7  for medical examination, treatment and care of injuries, and did

8  incur medical and incidental expenses which shall be shown,

9  according to proof at the time of trial.

10    35.  As a further, direct and proximate result of the

11  negligence of Defendants, and each of them, as herein alleged,

12  Plaintiffs were prevented from attending to their employment

13  duties, due to their injuries and resulting medical treatment.

14    36.  On information and belief, Defendants at or before the

15  time of the accident, so negligently owned, controlled, managed,

16  operated, permitted use of, and drove their motor vehicle so as to

17  actually and proximately cause the injuries and damages alleged

18  herein.

19    37.  As a further, direct and proximate result of the

20  negligence of Defendants, and each of them, as herein alleged, the

21  injuries thus received by Plaintiffs greatly impaired their health,

22  strength, and activity, and caused them great mental and physical

23  pain and suffering, thus damaging Plaintiffs in an amount which

24  shall be shown, according to proof at the time of trial.

25    38.  Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

26  is contractually obligated to pay Plaintiffs' damages as aforesaid.

27    WHEREFORE, Plaintiffs, pray for judgment against the

28  Defendants, and each of them, as follows:

-9-

30-V998-545

1.  For general damages in excess of $10,000;

2.  For punitive damages;

3.  For medical and related expenses according to proof;

4.  For lost earnings and damaged earning capacity, according to proof;

5.  For reasonable attorney's fees;

6.  For costs of investigation and litigation reasonably incurred;

7.  For prejudgment interest;

8.  For costs of suit herein incurred; and,

9.  For such other relief as the court deems just and proper.

Dated:  December 8, 2010

SULLIVAN LAW
A Professional Corporation

By: J. D. SULLIVAN

Attorneys for Plaintiffs,

1625 Highway 88, #401
Minden, NV 89423

Telephone:  (775) 782-6915
Telecopier:  (775) 782-3439

- 10 -

30-V998-845

## AFFIRMATION PURSUANT TO NRS 239B.030

1

2      I, J. D. Sullivan, affirm that the pleading(s) and/or

3  document(s) that I am now presenting to the court in the above-

4  entitled action, do not, to the best of my knowledge, contain any

5  Social Security Number information that is in violation of NRS

6  239B.030.

7  Dated:   December 8, 2010           SULLIVAN LAW
                                        A Professional Corporation
8

9                                By:

10                                      J. D. SULLIVAN

11                                      Attorneys for Plaintiffs,

12                                      1625 Highway 88, #401
                                        Minden, NV 89423

13                                      Telephone:   (775) 782-6915
                                        Telecopier:  (775) 782-3439
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

SO-V 998-845

RECEIVED
JAN 3 1 2011
DIVISION OF INSURANCE
STATE OF NEVADA

1  CASE NO. 10 CV 0375

2  DEPT. NO. II

TEMPE OPERATIONS CENTER
JEFF FOGARTY

FEB 07 2011

5  IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

6  IN AND FOR THE COUNTY OF DOUGLAS

9  VIOLA WILLIAMSON, an
individual; and JAMES
10  WILLIAMSON, an individual,

CIVIL SUMMONS

11                Plaintiffs,

12       vs.

13  CECILIA ARZATE-DEMALDONADO; an
individual; STATE FARM MUTUAL
14  AUTOMOBILE INSURANCE COMPANY,
a private mutual insurance
15  company; and DOES 1 through
50, inclusive,

16

17                Defendants.
_____/

18

19      NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU

20  WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ

21  THE INFORMATION BELOW.

22  TO THE DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY:

23      A civil Complaint has been filed by the Plaintiffs against you

24  for the relief set forth in the Complaint.  This action is brought

25  to recover damages for serious personal injuries arising out of an

26  automobile accident that occurred on or about December 30, 2008 in

27  Las Vegas, Nevada, as more particularly described in the Complaint

28  on file in this Court.

1.   If you intend to defend this lawsuit, within 20 days after
this Summons is served on you, exclusive of the day of service, you
must do the following:

a.   File with the Clerk of this Court, whose address is
shown below, a formal written response to the Complaint in
accordance with the rules of the Court.

b.   Serve a copy of your response upon the attorney whose
name and address is shown below.

2.   Unless you respond, your default will be entered upon
application of the Plaintiffs and this Court may enter a judgment
against you for the relief demanded in the Complaint, which could
result in taking of money or property or other relief requested in
the Complaint.

3.   If you intend to seek the advice of an attorney in this
matter, you should do so promptly so that your response may be
filed on time.

Issued at direction of:
J. D. Sullivan, Esq.
Sullivan Law
1625 Highway 88, #401
Minden, NV 89423
(775) 782-6915
Attorneys for Plaintiffs

Clerk of the Court

DEPUTY CLERK            Date
DOUGLAS COUNTY COURT CLERK
P. O. BOX 218
MINDEN, NV 89423

NOTE:   When service is by publication, add a brief statement of the
object of the action.  See NV Rules of Civil Procedure, Rule 4(b).

-2-

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA

TERRY JOHNSON
*Director*

BRETT J. BARRATT
*Commissioner of Insurance*

30-V998-845

DOL   12-30-08

DEPARTMENT OF BUSINESS AND INDUSTRY   TEMPE OPERATIONS CENTER
DIVISION OF INSURANCE                 JEFF FOGARTY
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706             FEB 07 2011
(775) 687-0700   •   Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.state.nv.us

February 1, 2011

State Farm Mutual Automobile Insurance Company
Attn: Jeff Fogarty
2700 South Sunland Drive
Tempe, AZ 85282-3387

RE:   Viola Williamson, et al. vs. Cecilia Arzate-Demaldonado, et al.
      Ninth Judicial District Court, Douglas County, Nevada
      Case No. 10CV0375

Dear Mr. Fogarty:

        Enclosed please find the following documents: Civil Summons and Civil
Complaint. These documents have been served upon the Commissioner of Insurance as
your attorney for service of process on January 31, 2011.

        The appropriate action should be taken immediately, as you may only have 30
days from the date of this service to respond.

        If you have any questions regarding this service, please advise.

                                  Sincerely,

                                  . BRETT J. BARRATT, ESQ.
                                  ; Commissioner of Insurance

                          By:   [signature]
                                  FELECIA TUIN
                                  Service of Process Clerk

Enclosures
J.D. Sullivan, Esq.

36-V 998-845

1        **PROOF OF SERVICE**

2        I hereby declare that on this day I served a copy of the Civil Summons and Civil

3    Complaint upon the following defendant in the within matter, by shipping a copy thereof, via

4    certified mail, return receipt requested and postage prepaid, to the following:

5            State Farm Mutual Automobile Insurance Company
             Attn: Jeff Fogarty
6            2700 South Sunland Drive
             Tempe, AZ 85282-3387
7            CERTIFIED MAIL NO: 7007 0710 0004 4590 8277

8        I declare, under penalty of perjury, that the foregoing is true and correct.

9        DATED this 1st day of February, 2011.

10

11                                    _____
                                      FELECIA TUIN
12                                    Employee of the State of Nevada
                                      Department of Business and Industry
13                                    Division of Insurance

14   RE:    Viola Williamson, et al. vs. Cecilia Arzate-Demaldonado, et al.
            Ninth Judicial District Court, Douglas County, Nevada
15          Case No. 10CV0375

16

17

18

19

20                                         State of Nevada, Division of insurance
                                           The document on which this certificate
21                                         is stamped is a full, true and correct
                                           copy of the original
22                                    Date: _____    By: _____

23

24

25

26

27

28

                                       -1-

SF Fax Server 17     3/1/2011 6:04:43 PM   PAGE    5/019     Fax Server
Case 2:12-cv-00146-DMC-JAD   Document 2-8/201Filed 03/03/11   Page 22 of 23 PageID: 22
30-V998-845

BRIAN SANDOVAL
*Governor*

## STATE OF NEVADA

TERRY JOHNSON
*Director*

BRETT J. BARRATT
*Commissioner of Insurance*



DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700   •   Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.state.nv.us

February 1, 2011

J.D. Sullivan, Esq.
Sullivan Law
1625 Highway 88, #401
Minden, NV 89423

RE:   Viola Williamson, et al. vs. Cecilia Arzate-Demaldonado, et al.
      Ninth Judicial District Court, Douglas County, Nevada
      Case No. 10CV0375

Dear Mr. Sullivan:

The Division received the service of process documents on January 31, 2011 regarding the above-entitled matter. Service has been completed on defendant State Farm Mutual Automobile Insurance Company this date and enclosed are the following:

1.   A copy of our letter to State Farm Mutual Automobile Insurance Company February 1, 2011;
2.   A certified copy of the Proof of Service dated February 1, 2011; and
3.   Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

BRETT J. BARRATT, ESQ.
Commissioner of Insurance

By:   Felcia Tuin
      FELECIA TUIN
      Service of Process Clerk

Enclosures
c:   State Farm Mutual Automobile Insurance Company

Pg : 4/18     08-07-11 07:18     CIOS FIRE     9888925288818 : Pg tues xeF



STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
ATTN JEFF FOGARTY
2700 SOUTH SUNLAND DRIVE
TEMPE AZ 85282-3387

CERTIFIED MAIL

7007 0710 0004 4590 6277